**Nasser Abujbarah  #026182**
**The Law Office of Nasser U. Abujbarah**
**10654 North 32nd Street**
**Phoenix, AZ 85028**
**Telephone: (602) 493-2586**
**Facsimile: (602) 923-3458**
NUALegal@yahoo.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>ROB LOYD THOMPSON,<br><br>                    Debtor (s) | Chapter 13<br><br>Case No**. 2:09-bk-16981**<br><br>**DEBTOR'S RESPONSE TO MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY** |
| BAC HOME LOANS Servicing, LP fka Countrywide Home Loans Servicing, L.P.<br><br>                    Movant,<br>    **v.**<br><br>ROB LOYD THOMPSON,  Debtor and Edward J. Maney, Trustee,<br><br>               Respondents. | RE: Real Property Located at 35042 N. 10th St. Phoenix, AZ 85086 |

The complexity of the matter, as to whom the party is that has standing in this matter the response is for more pages than prescribed by the Local Rules and Debtor moves the Court for acceptance of the additional pages.

Debtor, ROB LOYD THOMPSON, (herein referred to as "Debtor")  by and through counsel, Nasser U. Abujbarah, responds to BAC HOME LOANS SERVICING, L.P. fka Countrywide Home Loans Servicing, L.P. (hereinafter referred to as "Movant")  Motion to Lift the Automatic Bankruptcy Stay.

1

This Court must first determine whether or not Movant has standing to lift the automatic stay in this bankruptcy. If the alleged Movant is not the true holder in due course, then the Movant would have no interest in the matter, no standing.

Moreover, if the Movant has standing by assignment, the Movant would have no more right than the first mortgagee. The argument for denying Movant's motion is set out more particularly in the attached Memorandum of Points and Authorities, which is attached hereto and made a part herein by this reference.

RESPECTFULLY submitted this date: October 31, 2009.

*/s/ Nasser U. Abujbarah*
Nasser U. Abujbarah
The Law Offices of Nasser U. Abujbarah
10654 N. 32nd st.
Phoenix, AZ 85028
Attorney for Debtors

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS:

1. Debtor alleges that the Court does not have jurisdictions as it appears that Movant does not have standing.

2. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on approximately July, 21, 2009.

3. Debtor on approximately October 25, 2007, entered into a contract with Countrywide Bank, evidenced by a Note, secured by a Deed of Trust.

4. The subject matter real property is located in Maricopa County, Arizona.

5. Moreover, the post petition payments have been made to the trustee.

### II ARGUMENT:

1. <u>Standing</u>:

Court has subject matter  jurisdiction but, the issue is that the Movant is not a party of interest and does not have standing.  In paragraph 4 of Movant's Motion, Movant has stated that Movant is now holder of the note; but has not offered any  proof of this, and that they are now the legal "holder in due course.  There is no alleged assignment is by Countrywide.

No proof has been provided that Movant  power to act as a holder in due course.  MERS under the Deed of Trust is the nominee for Lender.  However, MERS is a fictitious legal entity, which several state Courts have determine have "no standing" to act.  The Note and the Deed of Trust does not provide for an assignment of rights but only the sale.  Nothing has been offered as proof that Movant purchased the note and Deed of Trust.

This Court should require the Movant  to produce the prescribed documentation of 12 U.S.C. §2605, including but not limited to front and back of notes, all sale documents of the note and/or deed of trust from the original transaction with Countrywide Bank to any other "holder in due course" and/or assignments occurring after the original transaction.

The Movant has filed a proof of claim.  In their Motion Movant states the principal balance owing on principal and accrued interest is approximately $356,015.33.  Thus, the Movant has accelerated the debt. Thus, 11 U.S. C §1322 does not apply.

2. <u>Post Petition Payments</u>:

In Arizona jurisdiction the Trustee's hold to the "conduit" method of payment, and will be disbursed upon confirmation of the plan.

Moreover, under 11 U.S. C. §506, upon Rule 3012 of the Bankruptcy Procedure a valuation of the claim will be made and the prescribed payments are included in the Chapter 13 Plan.  This debt does not fall under the "principle residence" prescription of 11 U.S.C. §1322

and thus, is subject to bifurcation of 11 U. S. C. §506.   The post petition amount have been paid within the plan.

In re Nepil, 206 B.R. 72, the Court previewed that a loan on which creditor had obtained foreclosure judgment could be treated as a loan on which final payment due before the end of the plan.  But more applicable, under terms of fairness and justices as prescribed by equity, is an application of 11 U.S.C. §506.

Thus, while the certain rights of a lender must be considered because of 11 U.S. C. § 1322,  § 506(1) provides for determining the valuation of under secured property, both real property and personal property.   Senate Report No. 85-989 at the end of §506 states:

> While courts will have to determine value on a case-by-case basis, the subsection makes it clear that valuation is to be determined in light of  the purpose of the valuation and the proposed disposition or use of the subject property.

This Court pursuant to Rule 3012 of the Bankruptcy Rules has the authority to valuate property, including real property to determine the true fair market value of the property at the time the petition was filed in this Chapter 13.

Thereafter, in compliance with 11 U.S. §1322 and 11 U.S. §1325, Debtor's plan may provided for the appropriate disbursement for the secured claim and unsecured portion of the claim.  This payment in the plan does not defeat a creditor's rights.

The Movant is wanting to lift the stay although  debtor has made payment provisions for cure and future payments under the plan.  The Court in *United Savings Association of Texas v Timbers of Inwood Forest Associates Lt.,*108 S. Ct. 626, 484 U.S. 365, 98 L. Ed. 2d 740  states:

> Section 362(d)(1) is only one of a series of provisions in the Bankruptcy Code dealing with the rights of secured creditors.  The

4

language in those other provisions, and the substantive dispositions that they effect, persuade us that the "interest in property" protected by §362(d)(1) does not include a secured party's right to immediate foreclosure.

## III.  Conclusion:

Movant did not comply with Rule 4001 of the Bankruptcy procedures and most certainly not with Local Rule 4001-1(b).  The electronic filing is not proof of mailing certificate.

If Movant had complied with Local Rule 4001-1(b) then there would be no reason for paragraph 7 of Movant's motion.  Moreover, Movant is not prohibited from offering the same information to Debtors through there attorney at this time.

Under 11 U.S.C. §506, unless Movant is over secured creditor Movant is not entitled to attorney fees.   Movant states it is a secured creditor who is in peril of becoming undersecured. Upon information and belief Movant is already under secured.

The Court should finally, find that Movant does not have standing and cannot bring forth this motion.

RESPECTFULLY submitted this date: October 31, 2009.

*/s/ Nasser U. Abujbarah*
Nasser U. Abujbarah
The Law Offices of Nasser U. Abujbarah
10654 N. 32nd st.
Phoenix, AZ 85028
Attorney for Debtor (s)

# CERTIFICATE OF FILING AND MAILING

The Debtor's Response to Movant's Motion to Lift the Automatic Bankruptcy Stay has been E-Filed with the Clerk of the Court of the United States Bankruptcy Court, District of Arizona, Phoenix Division on October 31, 2009 and mailed November 1, 2009 to:

Edward J. Maney
P.O. Box 10434
Phoenix, AZ 85064-0434
Trustee

 and

Mark S Bosco, Esq.
TIFFANY & BOSCO
2525 E Camelback Road
Third Floor
Phoenix, AZ 85016

By:          /s/   Frank E Hall
Address:     2514 N 86th Street
             Scottsdale, AZ 85257